HERNÁNDEZ, PETICIONARIO, *v.* HUTCHISON, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida mandamiento de *certiorari* dirigido al Juez de la Corte de Distrito de Mayagüez en un caso sobre cobro de dinero originado en la Corte Municipal de Mayagüez.

No. 123.—Resuelto en mayo 29, 1914.

FALLECIMIENTO DE UNA PARTE—NULIDAD DE SENTENCIA DICTADA CONTRA UNA PARTE FALLECIDA—SUSTITUCIÓN DE PARTE.—Es nula la sentencia dictada por una corte contra una parte que ha fallecido y de cuyo hecho se le ha

presentado prueba antes de la celebración del juicio, debiendo en tales casos
continuarse la acción contra el representante o sucesor del muerto, según
ordena el artículo 69 del Código de Enjuiciamiento Civil.

ID.—APELACIÓN INTERPUESTA A NOMBRE DEL FALLECIDO—APELACIÓN INTER-
PUESTA A NOMBRE DEL HERMANO DE LA PARTE FALLECIDA.—Es nula una
apelación interpuesta a nombre de una parte que ha fallecido o a nombre
de un hermano del fallecido pero que no ha sido sustituído como parte según
dispone el artículo 69 del Código de Enjuiciamiento Civil.

CERTIORARI—ERRORES DE PROCEDIMIENTO—DISCRECIÓN DEL TRIBUNAL PARA CON-
CEDER EL CERTIORARI.—Cuando el recurso de *certiorari* se emplea para corregir
los procedimientos de una corte inferior, no es de procedencia obligatoria
(*writ of right*) sino que debe expedirse sólo cuando se demuestra a la corte
una causa especial para ello, y el tribunal está investido de discreción judicial
para concederlo o rehusarlo, según lo requiera la justicia en cada caso.

ID.—ERRORES DE PROCEDIMIENTO—TARDANZA EN SOLICITAR EL CERTIORARI.—
Cuando, como en el caso de autos, se emplea el recurso de *certiorari* para
corregir errores de procedimiento y la petición de *certiorari* es presentada
ocho meses después de dictada la orden que se trata de anular, no alegándose
razones especiales que justifiquen la tardanza y siendo justa, aunque errónea,
la orden impugnada, procede denegar el *certiorari*.

Los hechos están expresados en la opinión.

El peticionario compareció por escrito en nombre propio.
El demandado no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

La presente solicitud de *certiorari* ha sido presentada por
Agustín Hernández Mena en 1 de mayo corriente para que
revisemos los procedimientos de la Corte de Distrito de Maya-
güez en recurso de apelación contra sentencia que dictó la
corte municipal del mismo nombre en juicio ante ella seguido
por Agustín Hernández Mena contra Avelino Martínez Mer-
cado en cobro de $500, anulándose mediante dicha revisión
las órdenes dictadas por la referida Corte de Distrito de
Mayagüez en 10 de febrero y 18 de agosto de 1913.

Por la primera de dichas órdenes, o sea por la de 10 de
febrero de 1913, la Corte de Distrito de Mayagüez declaró
sin lugar una moción presentada por Hernández Mena soli-
citando se dictara una orden por la que fuera declarado nulo
e ineficaz el escrito del abogado Don José Benet apelando con-
tra la sentencia que en 29 de julio de 1912 dictó la Corte Muni-
cipal de Mayagüez; y por la segunda orden, o sea, por la

de 18 de agosto de 1913, la misma Corte de Distrito de Maya-
güez declaró con lugar una moción del abogado José Benet
a nombre de Manuel Martínez Mercado en que solicitaba
la nulidad de todo lo actuado en el caso a partir del día 3
de junio de 1912 en que falleció el demandado Avelino Mar-
tínez Mercado.

Aparece del récord que la Corte Municipal de Mayagüez
dictó en el juicio de que se trata, sentencia que copiada a la
letra dice así:

"Hoy 29 de julio de 1912, se llamó esta causa para juicio. Com-
pareció el demandante sin que compareciera el demandado; el de-
mandante introdujo su prueba documental y testifical, se procedió
al examen de los testigos presentados, haciendo luego el demandante
las argumentaciones consiguientes.

"La corte, vista y oida la prueba presentada y las alegaciones
del demandante, declara con lugar la demanda y en su consecuencia
condena al demandado Avelino Martínez Mercado, a que pague al
demandante Agustín Hernández Mena la cantidad de quinientos
dollars reclamados y las costas; librandose al márshal mandamiento
para la ejecución de esta sentencia. Mayagüez, P. R., julio 29 de
1912. (Firmado) G. H. Moscoso, juez municipal."

Contra dicha sentencia fué interpuesto recurso de apela-
ción en los siguientes términos:

"Al secretario de la corte y al demandante Agustín Hernández
Mena:

"Por la presente notifico a ustedes que no estando conforme con
la sentencia dictada en este caso el día 29 de julio último por esta
corte, apelo de la misma para ante la Corte de Distrito de Mayagüez.
Mayagüez, P. R., agosto 1 de 1912. (Firmado) José Benet, abogado
del demandado."

Alega Agustín Hernández Mena, para sostener el recurso
de *certiorari,* que ante la Corte Municipal de Mayagüez se
justificó antes de procederse a la celebración del juicio, que
el demandado Avelino Martínez Mercado había ya fallecido
desde el día 3 de junio de 1912, sin ascendientes ni descen-

dientes, dejando como parientes más próximos varios hermanos, entre éstos Manuel Martínez Mercado quien así lo declaró, y que no habiéndose ordenado que continuara la acción contra el representante o sucesor del muerto, según ordena el artículo 69 de la Ley de Enjuiciamiento Civil, el abogado José Benet no ha podido ser parte para interponer el recurso de apelación a nombre de Manuel Martínez Mercado ni tampoco ha tenido personalidad para gestionar la nulidad del procedimiento.

Siendo como es cierto, pues está comprobado en los autos, que Avelino Martínez Mercado falleció en 3 de junio de 1912, que la Corte Municipal de Mayagüez tuvo conocimiento de ello por declaración de Manuel Martínez Mercado, hermano del demandado, prestada a instancia del demandante Agustín Hernández Mena, y que no obstante el fallecimiento del demandado se celebró el juicio hasta dictarse sentencia condenatoria contra él en vez de continuarse la acción contra el representante o sucesor del muerto, según ordena el artículo 69 del Código de Enjuiciamiento Civil, es claro que el abogado José Benet carecía de personalidad para interponer recurso de apelación contra dicha sentencia, ya obrara en nombre de Avelino Martínez Mercado, fallecido, ya a nombre de Manuel Martínez Mercado, quien por orden judicial no había sustituído a su hermano difunto, siendo igualmente claro que la sentencia apelada adolece de vicio de nulidad por incumplimiento del artículo ya citado del Código de Enjuiciamiento Civil, si bien Manuel Martínez Mercado no pudiera gestionar en el recurso de apelación la declaratoria de esa nulidad. Véase el caso *Pérez* v. *Soto et al.,* decidido en 6 de abril, 1914.

Sin embargo de lo que dejamos expuesto, no nos sentimos inclinados a declarar con lugar las pretensiones de nulidad formuladas en su petición por Agustín Hernández Mena.

Al resolver en 25 de febrero último recurso de *certiorari* de *Espada* v. *Sepúlveda, Juez de Distrito,* dijimos:

"A menos que así se disponga por el estatuto, el auto de *certiorari* cuando se usa para corregir los procedimientos de una corte infe-

rior, no es de procedencia obligatoria (*writ of right*), sino que debe expedirse sólo cuando se demuestra a la corte una causa especial para ello, y la corte está investida de discreción judicial para concederlo o rehusarlo según lo requiera la justicia en cada caso. Este principio expuesto en la forma que antecede en 6 Cyc., 748, está sostenido por muchas decisiones de Arkansas, California, Florida, Illinois, Louisiana, etc., y esta misma Corte Suprema de Puerto Rico lo ha aplicado en varias ocasiones entre otras en los casos de *Polo* v. *Domínguez*, 15 D. P. R., 609; *Torres* v. *Gill, Juez de Distrito*, 17 D. P. R., 40, y, especialmente, en el de *Argüelles* v. *Rossy, Juez de Distrito*, decidido el 7 de noviembre de 1913.''

En el presente caso ocurre que la sentencia de la Corte Municipal de Mayagüez de 29 de Julio de 1912 fué dictada con infracción del artículo 69 del Código de Enjuiciamiento Civil, siendo abiertamente nula por falta de audiencia del demandado Avelino Martínez Mercado que ya había fallecido, y de su sucesión; que la Corte de Distrito de Mayagüez procedió con razón derecha al declarar esa nulidad; que aunque Manuel Martínez Mercado no había sido parte en el juicio, podía ser parte interesada en la sentencia pronunciada como hermano del demandado fallecido sin ascendientes ni descendientes, y que la petición de *certiorari* formulada en 1 de mayo corriente ha sido muy tardía en atención a haber transcurrido ocho meses desde que se declaró la nulidad.

Bajo las circunstancias que concurren en el presente caso, haciendo aplicación del principio anteriormente consignado no nos sentimos inclinados a conceder el remedio solicitado por Agustín Hernández Mena, y por el contrario, dentro de nuestra discreción judicial lo denegamos por exigirlo así la justicia.

Debe anularse el auto de *certiorari* expedido y comunicarse así a la Corte de Distrito de Mayagüez con devolución de actuaciones a los fines procedentes.

*Desestimada la solicitud y denegada la expedición del mandamiento.*

· Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no intervino en la reso·lucion de este caso.